**F I L E D**
**United States Court of Appeals**
**for the Tenth Circuit**

**April 3, 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND H. LADD,                               )
                                               )
    Plaintiff-Appellant,                       )
                                               )
v.                                             )       No. 95-3326
                                               )    (D.C. No. 92-CV-3205)
GARY STOTTS, ROBERT D. HANNIGAN,               )       (Dist. of Kan.)
MICHAEL NELSON, WILLIAM L.                     )
CUMMINGS, CARL CUSHINBERRY, D.V.               )
HENDRY, (NFN) HINSHAW, (NFN)                   )
CONNELL, J.P. NELSON, (NFN) HOSHAW,            )
(NFN) HUNGERFORD, (NFN) HUGGINS,               )
(NFN) MILLER, (NFN) (NMI) MOORE, and           )
(NFN) UNDERWOOD,                               )
                                               )
    Defendants-Appellees.                      )

**ORDER AND JUDGMENT**[*]

Before **TACHA, BARRETT, and BALDOCK** Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Raymond H. Ladd (Ladd), appearing *pro se* and having been granted leave to proceed *in forma pauperis*, appeals the district court's Memorandum and Order of September 28, 1995, granting Defendants'/Appellees' motion for summary judgment and denying all relief requested by him.

On June 2, 1992, Ladd filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that he was denied Due Process during the grievance process related to a disciplinary action against him and subjected to cruel and unusual punishment when he was placed in strip cell confinement while on a hunger strike. Ladd claims stem from events which occurred on February 11, 1992,[1] at a disciplinary hearing for another inmate in which Ladd was serving as substitute counsel. The disciplinary hearing became heated when Ladd disagreed with a decision by Captain Hinshaw (Hinshaw), the chairperson of the disciplinary hearing board. As a result, Hinshaw ordered Ladd to leave the hearing. Ladd initially refused to leave, but left when hearing officers prepared to physically remove him from the room. Later that day, Ladd filed a grievance against Hinshaw claiming Hinshaw threatened and intimidated him.

---

[1] The district court refers to this date as "February 11, 1995," however, the Martinez report and Ladd's complaint establish that the events actually occurred in 1992.

The next day, February 12, 1992, Hinshaw filed a disciplinary action against Ladd for being loud and argumentative at the disciplinary hearing. In response, Ladd filed at least two grievances claiming his removal as inmate counsel and the filing of the disciplinary action against him were in retaliation for grievances and lawsuits filed against Hinshaw. Thereafter, Ladd was found guilty of insubordination and sentenced to fourteen days of disciplinary segregation and thirty days restriction. On the day Ladd was found guilty, he declared he was on a hunger strike. The next day, prison officials ordered him to strip cell confinement. By Ladd's own account he was released from strip cell confinement approximately thirty hours later.

On September 28, 1995, the district court granted Defendants'/Appellees' motion for summary judgment. (ROA, Vol. I, Tab 35). In so doing, the district court found that, to the extent Ladd claims the disciplinary action against him denied him due process or constituted conspiratorial retaliation and/or discrimination, the claims lacked merit. The court found that: it was undisputed that Ladd was disruptive in the disciplinary proceeding in which he appeared as substitute counsel; there was sufficient evidence to support the disciplinary finding that he was guilty of insubordination; Ladd's beliefs that his conduct did not violate institutional rules and was justified by his duty to advocate were not legally founded; and Ladd's claims of retaliation and/or discrimination were conclusory and far-reaching. The district court rejected Ladd's claims that his placement in strip cell confinement was unwarranted and racially motivated. The court found that Ladd was placed in strip cell

confinement to prevent further disruption which was not unreasonable and did not constitute an unexpected hardship as to give rise to a protected liberty interest in not being so confined. Finally, the district court found that Ladd failed to show that he was denied basic human needs or that the prison official acted with deliberate indifference by placing him in strip cell confinement so as to amount to a violation of the Eighth Amendment.

On appeal, Ladd reiterates the claims he made in the district court asserting that the district court had no right to dismiss his complaint. We review the grant or denial of summary judgment *de novo*, applying the same standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Deepwater Invs., Ltd v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

After careful review of the record, we AFFIRM substantially for the reasons stated in the district court's Memorandum and Order of September 28, 1995.

The mandate shall issue forthwith.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge